UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROSA RAMIREZ, *et al.*,

    *Plaintiffs*,

v.

JACKPOT JANITORIAL &
COMMERCIAL SERVICES, LLC, *et al.*,

    *Defendants*.

Civil Action No. 23 - 1862 (LLA)

**MEMORANDUM OPINION AND ORDER**

In March 2025, this court granted Plaintiffs Rosa Ramirez and Elsy Alberto's motion for default judgment against Defendants Jackpot Janitorial & Commercial Services, LLC ("Jackpot Janitorial") and Jamol Speight for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the District of Columbia Minimum Wage Revision Act ("DCMWA"), D.C. Code § 32-1001 *et seq.*, and the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.* ECF No. 27. Now pending before the court is Plaintiffs' motion for attorney's fees. ECF No. 28. For the reasons explained below, the court will grant the motion in part and deny it in part.

Plaintiffs seek to recover $26,173.00 in attorney's fees and $683.80 in costs. *Id.* at 6. The FLSA, DCMWA, and DCWPCL each authorize the award of reasonable attorney's fees and costs to prevailing plaintiffs. 29 U.S.C. § 216(b); D.C. Code § 32-1308(b); D.C. Code § 32-531.12(d)(4). Because Ms. Ramirez and Ms. Alberto "obtain[ed] a default judgment against Defendants, [they] qualif[y] as a prevailing party entitled to attorney's fees and costs." *Serrano v.*

*Chicken-Out Inc.*, 209 F. Supp. 3d 179, 194 (D.D.C. 2016).  However, the court must still ensure that the requested fees are "reasonable."  29 U.S.C. § 216(b); D.C. Code § 32-1308(b); D.C. Code § 32-531.12(d)(4).  Courts arrive at an "initial estimate of a reasonable attorney's fee . . . by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate."  *Blum v. Stenson*, 465 U.S. 886, 888 (1984).

First, the court assesses whether Plaintiffs' counsel billed for a reasonable number of hours.  "Plaintiffs bear the burden of establishing the reasonableness of the hours they seek for attorney's fees."  *Portillo v. Smith Commons DC, LLC*, No. 20-CV-49, 2022 WL 3354730, at *7 (D.D.C. Aug. 13, 2022).  To support a motion for attorney's fees, a plaintiff must provide "sufficient[] detail[] to permit the District Court to make an independent determination whether or not the hours claimed are justified."  *Nat'l Ass'n of Concerned Veterans v. Sec'y of Def.*, 675 F.2d 1319, 1327 (D.C. Cir. 1982).  The court must then assure itself that "[t]he tasks [billed for] were not duplicative, all tasks arose from this action, and the time counsel expended on each task was not excessive."  *Ventura v. Bebo Foods*, 738 F. Supp. 2d 8, 34 (D.D.C. 2010).  And when considering whether it is appropriate for an attorney to bill for time spent on a motion that was ultimately unsuccessful, the court evaluates whether it was "a necessary step to [a plaintiff's] ultimate victory."  *Air Transp. Ass'n of Can. v. Fed. Aviation Admin.*, 156 F.3d 1329, 1335 (D.C. Cir. 1998).  If "the hours spent on these motions were not 'excessive, redundant or otherwise unnecessary,'" they "may form a part of Plaintiff's reasonable fee award."  *Ashraf-Hassan v. Embassy of France in the United States*, 189 F. Supp. 3d 48, 61 (D.D.C. 2016) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Plaintiffs' counsel submitted a declaration stating that 30 attorney hours and 8.1 paralegal hours were spent litigating this matter, ECF No. 28-4 ¶ 17, and they additionally appended a

2

detailed timesheet describing the activities undertaken, ECF No. 29-1. Plaintiffs' counsel reduced their fees in three areas:

- Because errors in the original complaint required the filing of an amended complaint, Plaintiffs' counsel reduced the fees related to drafting and editing the original complaint by 100%. ECF No. 29-1, at 1.

- Because Plaintiffs' first motion for default judgment was rendered moot by the filing of an amended complaint, Plaintiffs' counsel reduced the fees related to drafting the motion by 100%. *Id.* at 2.

- Because Plaintiffs' motion for summary judgment was "ultimately denied," Plaintiffs' counsel reduced the fees related to drafting and editing the motion by 50%. *Id.*

Upon review, the court concludes that Plaintiffs' counsel appropriately identified the categories of billed hours that should be reduced but finds that further reductions related to latter two categories of work product are warranted. Specifically, while Plaintiffs' counsel properly struck hours related to the drafting of the first motion for default judgment—which was mooted by Plaintiffs' counsel's decision to file an amended complaint—he did not strike hours related to the mailing and filing of that motion ($77.40 and $51.60, respectively).

Likewise, Plaintiffs' counsel struck fees for the motion for summary judgment, which it describes as "ultimately denied," by 50%, *id.* at 2, but the court determines that, in this instance, it is "unreasonable to award attorney's fees for . . . time spent on an unsuccessful motion," *Portillo*, 2022 WL 3354730, at *7. This is because the motion for summary judgment was not denied on the merits; it was denied because it had been filed prematurely—just two days after the amended complaint. Feb. 26, 2024 Minute Order (explaining that "Plaintiffs' Motion for Summary Judgment . . . is denied without prejudice to refiling, if appropriate, after the time for Defendants to respond to the amended complaint has run"). Plaintiffs' counsel did not refile the motion. The court therefore determines that the motion was "excessive, redundant or otherwise unnecessary," *Hensley*, 461 U.S. at 434, in securing Plaintiffs' "ultimate victory," *Air Transp. Ass'n of Can.*, 156

3

F.3d at 1335, on their motion for default judgment. Accordingly, the court will reduce the two entries Plaintiffs' counsel reduced by 50% to 100% ($2,224.95 and $1,255.10, respectively). The court will further reduce by 100% three additional entries: one from February 19, 2024 for "[r]eview of summary judgment points and authorities for draft motion," ($228.20) and two from February 22, 2024 related to reviewing and filing the motion for summary judgment ($342.30 and $51.60, respectively). ECF No. 29-1 at 2.

Turning to the question of whether Plaintiffs' counsel billed at a reasonable hourly rate, the court notes that "[a]n attorney's usual billing rate is presumptively the reasonable rate, provided that the rate is in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Ventura*, 134 F.Supp.3d at 105. Additionally, the DCMWA and DCWPCL provide that

> In any judgment in favor of any employee under this section, and in any proceeding to enforce such a judgment, the court shall award to each attorney for the employee an additional judgment for costs, including attorney's fees computed pursuant to the matrix approved in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000), and updated to account for the current market hourly rates for attorney's services. The court shall use the rates in effect at the time the determination is made.

D.C. Code § 32-1308(b)(1). Plaintiffs' counsel attests that his *Salazar* rate is $1,114.00 per hour; that his colleague Mr. Greenberg—who billed a just a few hours at the beginning of this litigation—has a *Salazar* rate of $948.00 per hour; and that the paralegals who worked on the case have a *Salazar* rate of $258.00 per hour. ECF No. 28-4 ¶¶ 5-6. The court finds Plaintiffs' counsel's requested rates, based on the LSI *Laffey* matrix used in *Salazar*, to be reasonable. *See Serrano*, 209 F. Supp. 3d at 198; *Portillo*, 2022 WL 3354730, at *8. Based on the court's calculation of reasonable hours, as described above, as well as Plaintiffs' counsel's reasonable rate, the court awards Plaintiffs $21,941.85 in attorney's fees.

Finally, the court determines that Plaintiffs' request for $683.80 in costs related to service, mailing, and filing fees, *see* ECF No. 28-2, is reasonable—especially given the difficulty in serving Defendants—and accords with the FLSA, DCMWA, and DCWPCL.  *See* 29 U.S.C. § 216(b); D.C. Code § 32-1308(b); D.C. Code § 32-531.12(d)(4).  The court will therefore award Plaintiffs $683.60 in costs.

For the foregoing reasons, it is hereby **ORDERED** that the Plaintiffs' Motion for Attorney's Fees, ECF No. 28, is **GRANTED** in part and **DENIED** in part.  Plaintiffs shall be awarded $21,941.85 in attorney's fees and $683.80 in costs.

**SO ORDERED.**

_____
LOREN L. ALIKHAN
United States District Judge

Date:   August 8, 2025

5